UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA                 :

   -v.-                                              :        11 Cr. 676 (RJS)

IVAN CANALES,                                    :

       Defendant.                              :

---------------------------------------------------------------x


THE GOVERNMENT'S SENTENCING SUBMISSION


PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


Sarah Paul
Alvin Bragg
Assistant United States Attorneys
- Of Counsel -

The defendant, Ivan Canales, is scheduled to be sentenced on August 22, 2012. The Government respectfully files this submission in advance of the sentencing and in response to the defendant's sentencing submission. Although the defendant's Guidelines range would otherwise be 57 to 71 months' imprisonment, the defendant faces a statutory mandatory minimum sentence of 60 months' imprisonment. The defendant's Guidelines range is therefore 60 to 71 months' imprisonment, and the defendant asks the Court to impose the mandatory minimum sentence of 60 months. The Government respectfully submits that a sentence with the Guidelines range of 60 to 71 months' imprisonment would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

A.    The Indictment and The Offense Conduct

The Indictment charged the defendant and eight co-defendants with conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). The Indictment charged that this conspiracy began at least in or about July 2010 and lasted until in or about July 2011. The defendant pled guilty to the lesser included offense of

conspiracy to distribute and possess with the intent to distribute 500 grams and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

As set forth in the Presentence Investigation Report ("PSR"), the investigation primarily involved (1) several controlled buys by an undercover agent and a confidential informant from Ismael Canales, the defendant's brother and co-defendant, of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including statements by the defendant about cocaine prices and about cooking cocaine to make crack cocaine; and (3) execution of search warrants for the apartments of Ismael Canales, Jonathan Rodriguez, and two other co-defendants, Jose Medina and Javier Delarosa.  At the residences of Ismael Canales and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from Ismael Canales' residence.  The defendant's primary role in the conspiracy was to broker drug transactions for his brother, Ismael Canales.  (PSR ¶¶ 28-29.)

**B.     The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") found that the defendant's base offense level is 26, since the defendant is attributed with conspiring to distribute at least 500 grams but less than 2 kilograms of cocaine.  (Id. ¶ 38.)  The Probation Office deducted three points for acceptance of responsibility and, thereby, arrived at a final offense level of 23.  (Id. ¶ 47.)  These calculations were the same as the ones the parties agreed to in the defendant's plea agreement.

The Probation Office also determined that the defendant has five criminal history points and is in Criminal History Category III. (Id. ¶ 60.) The Probation Office applied three points for the defendant's conviction, on or about May 3, 2001, in Michigan City, Indiana, for dealing cocaine. (Id. ¶ 54.) This conviction arose from a sale of crack cocaine to a confidential informant. (Id. ¶ 55.) The defendant was observed holding a firearm as he appeared at the door to his apartment to sell the crack to the informant. (Id.) The Probation Office also applied two points because the defendant was on parole at the time the instant offense was committed. (Id. ¶ 59.) The parties reached the same determination in the defendant's plea agreement.

## DISCUSSION

**A.      Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. Booker, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2);

3

(iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**    **A Sentence Within The Stipulated Guidelines Range Is Appropriate**

The defendant engaged in a significant drug trafficking conspiracy, which spanned at least a year in length and involved at least 500 grams of cocaine.  The defendant, on behalf of his co-defendant and brother, Ismael Canales, helped distribute large quantities of illegal narcotics to street-level dealers.  Although the Probation Office states that the defendant's conduct "primarily involve[d] his efforts to broker a cocaine transaction [in July 2011] between his brother and another individual, involving at least 500 grams of cocaine" (PSR at 20), that transaction certainly does not represent the only time that the defendant discussed obtaining

drugs from his brother.  For instance, as set forth in the Complaint in this case, a call was intercepted between the defendant and Ismael Canales on or about June 4, 2011, in which the defendant requested raw cocaine from Canales for an unidentified male, who wanted to cook the cocaine to make crack cocaine.

Further, while the Government is not aware of any specific acts of drug-related violence by the defendant, at least in connection with the instant offense, drug trafficking is inherently dangerous conduct.  And here, a firearm was recovered during the search of the residence of Ismael Canales, from whom the defendant obtained narcotics to distribute.  Notably, moreover, in connection with the offense that led to the defendant's prior narcotics conviction, the defendant was observed holding a firearm.  (Id. ¶ 55.)  It is thus not accurate, in the Government's view, to describe the defendant as a "non-violent offender."  (See Defense Sentencing Submission at 2, 5.)  The defendant's prior narcotics conviction is also troubling because, as the Probation Office has observed, it resulted in the defendant serving a substantial prison term in Indiana that did not deter him from committing the instant offense.  (PSR at 20-21.)  The defendant was likewise undeterred by the fact that he was on parole for his previous crime when he engaged in this one.  (Id. at 21.)

The Government thus respectfully suggests that a sentence within the Guidelines range of 60 to 71 months' imprisonment is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range of 60 to 71 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Sarah Paul/Alvin Bragg
Assistant United States Attorneys
Tel.: (212) 637-2326/1085